972 F.2d 353
 NOTICE: Eighth Circuit Rule 28A(k) governs citation of unpublished opinions and provides that they are not precedent and generally should not be cited unless relevant to establishing the doctrines of res judicata, collateral estoppel, the law of the case, or if the opinion has persuasive value on a material issue and no published opinion would serve as well.
Adam D. BOWER, a minor, by and through his mother and next
friend, Christine L. Bower, Appellant,
v.
UNITED STATES of AMERICA, Appellee.
 No. 91-3669.
 United States Court of Appeals,
Eighth Circuit.
 Submitted: June 9, 1992.
Filed: July 9, 1992.
 
 Before RICHARD S. ARNOLD, Chief Judge, HENLEY, Senior Circuit Judge, and MAGILL, Circuit Judge.
 PER CURIAM.
 
 
 1
 This is an action for negligence under the Federal Tort Claims Act, arising out of allegedly substandard care given the plaintiff, Adam D. Bower, at the time of his birth. Keith E. Bower, Adam's father, was on active duty with the United States Navy at the time, and Christine Bower, plaintiff's mother, gave birth to him at the Naval Aerospace Regional Medical Center in Pensacola, Florida. Later, Adam was diagnosed as having cerebral palsy.
 
 
 2
 Adam was born on March 4, 1983. The Bowers filed their administrative claim, a prelude to an action in court, with the Navy on February 8, 1989. Under 28 U.S.C. § 2401(b), the administrative claim must be filed within two years of the accrual of the cause of action. The government moved to dismiss for lack of subject-matter jurisdiction under Fed. R. Civ. P. 12(b)(1), on the ground that the filing of a claim within the limitations period set by law is a jurisdictional prerequisite to the waiver of sovereign immunity contained in the Federal Tort Claims Act.
 
 
 3
 The District Court[1] granted the motion and dismissed the complaint for lack of subject-matter jurisdiction. On appeal, plaintiff claims that the question of limitations should have been treated under summary-judgment procedures, instead of Rule 12(b)(1), that there are genuine issues of material fact with respect to the accrual of the cause of action, and that it was therefore error to dismiss the complaint.
 
 
 4
 We assume that plaintiff is right as to the procedural point urged. We approach the appeal as if the question of the accrual of the cause of action should have been decided under Rule 56, the rule providing for summary judgment. We further assume that it makes a difference whether dismissal is characterized as one on summary judgment or one for want of subject-matter jurisdiction. After these points are granted for purposes of argument, we are convinced that plaintiff still cannot prevail under the facts of this case. The diagnosis of cerebral palsy took place in September of 1983. In April 1985, a physician advised the Bowers that Adam's "problems at delivery may have had some influence on his problems." In July 1986, the Bowers consulted a lawyer. He told them that the statute of limitations had run. In October 1988, they consulted another lawyer, who referred them to their present counsel, who then, on February 8, 1989, filed the administrative tort claim with the Navy, following the denial of which this action was commenced in court.
 
 
 5
 Under United States v. Kubrick, 444 U.S. 111, 120 (1979), a claim "accrues" for purposes of the Federal Tort Claims Act when a plaintiff "has discovered both his injury and its cause." The Supreme Court elaborated further: the statute begins to run when the plaintiff, "armed with the facts about the harm done to him, can protect himself by seeking advice in the medical and legal community." Id. at 123.
 
 
 6
 The District Court held that the statute began to run when Mrs. Bower sought legal advice from the first lawyer, in July 1986. The government suggests that in fact the cause of action may have accrued at an earlier time, but we need not pursue this line of argument. In order to survive the limitations defense, the Bowers must show that the cause of action accrued no earlier than February 8, 1987. It is clear to us as a matter of law that they cannot make the required showing. At least as early as July 1986, the Bowers knew about the injury and enough about its cause to seek legal advice about a negligence action against the United States. As the District Court observed, "that the Bowers were seeking legal advice indicates that they had enough knowledge of the facts of what happened to Adam that they were attempting to protect his legal rights." Adam D. Bower v. United States of America, No. 90-0588-CV-W-8, slip op. at 7 (W.D. Mo., opinion filed Oct. 15, 1991).
 
 
 7
 We hold that there is no genuine issue of material fact with respect to the accrual of the Bowers' claim. Accordingly, the judgment of the District Court, dismissing the complaint, is
 
 
 8
 Affirmed.
 
 
 
 [1]
 The Hon. Joseph E. Stevens, Jr., United States District Judge for the Western District of Missouri